First case this morning is Morse v. MSPB. Mr. Herrick? Before we call the case, Chief, could you indulge me in a motion? You do have a motion. Let's hear the motion first. Excuse me, Mr. Herrick. Sorry. Judge? Would my clerks please rise? I move the admission of Jared M. Hogan, who is a member of the Bar and Good Standing of the Highest Court of Texas, and Christina Jordan McCullough, who is a member of the Bar and Good Standing of the Highest Court of California. They have served me admirably for the last year as law clerks. I have knowledge of their credentials and am satisfied they possess the necessary qualifications. I look forward to seeing them, not behind the scenes, but up here arguing their own cases someday, which I'm positive that they will do with great knowledge, enthusiasm, and hopefully success as well. So I move their admission to our court. And we welcome you enthusiastically. Mr. Horvely will administer the oath. Please raise your right hand. I swear affirmatively to report yourselves as attorneys and counsels of this court, uprightly and according to law, and to the support of the Constitution of the United States of America. Congratulations, and welcome to the Bar of the United States Court of Appeals. Now we can call the case of Morse v. MSPB. Mr. Herrick? Thank you, Mr. Chief Judge. Good morning. May it please the Court, my name is Stephen Herrick. I represent the petitioner in this matter. Waivers of age requirements for preference eligibles have been around since the Veterans Preference Act of 1944. But it wasn't until 1998 that Congress finally provided a remedy for a violation of such waivers when it enacted the VDOA. Section 3 of the VDOA is captioned, Improved Redress for Preference Eligibles, and it includes 5 U.S.C. section 3330A, which allowed a violation of Veterans Preference to be taken to the Department of Labor and then to the MSPB. No limitation was imposed on this remedy. Congress did not say that it did not apply to FAA agencies. It did not say, except as otherwise provided by law. It did not say it was providing improved redress for certain preference eligibles. It said it was providing improved redress for preference eligibles, period. The language of the statute is plain, and the petitioner submits that that is what should control. It is not appropriate. I respectfully submit to this Court. To reach the conclusion that in creating for veterans a remedy that was more than half a century in the making, Congress silently intended that the benefit of that remedy not apply to all veterans. How do we deal with the Dieffendorfer case, which is at least to some degree related here? Well, I think Dieffendorfer is distinguishable because the disposition of that case was based on the fact that the remedy sought in that case was provided by the Ford Act, which had not at that time been enacted. And by contrast, in the instant case, the VEOA, upon which the petitioner relies, his remedy was in effect at the time that his plan arose. And therefore, I believe that the narrow holding of Dieffendorfer is what you can't get relief under an Act that hasn't been adopted by Congress here. And that's not the case here. So that's how I would distinguish Dieffendorfer. But then the Ford Act is enacted, and it says Title V does not apply to the FAA personnel management system. And so how do we ignore that does not apply is pretty emphatic language. Well, it doesn't say that it doesn't apply in its totality. It says it applies except as otherwise provided. And I wish I could stand here and tell you that it occurred to Congress at the time to include 3330A in a list of statutes that it applied to the FAA agencies. But it didn't do that, and I would suggest that there were two reasons that it didn't do that. One, this was not, at the time of the Ford Act, the Veterans' preference and the appealability of Veterans' preference was not on Congress' radar in any way, shape, or form. What we're talking about here is a situation which had been festering since 1996 when the DOT Act was enacted and removed from FAA agency personnel any right to appeal to the MSCB in any way, shape, or form. And that was what Congress was looking at. Veterans' preference wasn't even on the radar at that point. If it had been on the radar, I think, you know, I may be taking a little bit of license here, but I venture to say that Congress said, okay, we already took care of that. Okay? We did this with the VEOA in 1998. We passed the statute. We said that Veterans' preference is appealable to the MSCB. We don't need to do that again. It's already there. So you're telling us that it's clear enough and that we don't really need to apply the general rule that any doubt is resolved. Well, I think that certainly helps my case, Your Honor. I think that clearly it has been the case since the Fishgold case, the Supreme Court decision, United States Supreme Court back in the 40s, that a statute, Veterans' preference statutes, are to be liberally construed in favor of the veteran. I would say that you certainly have more than enough here to conclude that Congress wanted this remedy to be applicable to all agencies. But if it is a close question in Your Honor's mind, then certainly the scale should be tipped by the fact that it has long been the law that Veterans' preference statutes are to be liberally construed to benefit the veteran. And in this case, that benefit is allowing an FAA employee or applicant to appeal a violation of Veterans' preference to the MSCB. Now, the Ford Act is kind of interesting. And I'm going to try not to meander too much on this, but it is a complicated bit of statutory analysis. But the Ford Act, it was reaffirmed that the waiver of maximum entry requirements or preference eligibles applied to FAA agencies. It did that by including 5 U.S.C. 3308 to 3320 in the statutes that were to apply to FAA agencies. It specifically did that. But as we've noted, it omitted 3330A from the specific list of those statutes that were to apply. And as I said, Congress was focused on a different set of problems, which is that FAA employees had no MSPB rights whatsoever. That's why the Ford Act reinstates those rights as of March 31, 1996, which was the day before the DOT Act took them away. So that's really what Congress was focused on. And if you look at the Respondent's position, which is that Congress, for some reason, silently repealed the 1998 enactment of 3330A with respect to FAA agencies, I respectfully submit that that argument doesn't hold water for a number of reasons. Because in the Ford Act, Congress did three things that are valid. I don't see the government as arguing they repealed 3330A, but more that, unfortunately, no remedy lies with the Board to have jurisdiction over the dispute. I mean, we have an awkward situation. There's clearly a right, there's a cause of action, and yet there's nowhere to bring it. And it's nonsensical, certainly. But the language of the statute expressly indicates which sections may be appealed under this regime, and this is not listed as one of them. It's erroneous, clearly. It must be, right? Why would Congress create a cause of action and give you nowhere to bring remedy for it? In fact, they did. But it's nonetheless there in the statute. Well, it clearly is a conundrum, okay? But the logic, I mean, it's a question of where you pull the string on the end of the ball. You start out with the DOT Act, which doesn't allow anybody to do anything. Then you go to the VEOA in 1998, and it says veterans have this right, and it doesn't limit that right. So if you were to, in order to read that statute harmoniously with the DOT Act, you would say, okay, nobody has a right to appeal to the MSPB in an FAA agency except for preference-eligible veterans. That doesn't do any harm to the DOT Act. So the VEOA sits out there as an unlimited right of veterans to appeal to the MSPB for violation of their veterans' preference rights, whether they're in the FAA agency or not. But the right to appeal is not given until 1998, so adding rights back to 1996 doesn't help you, does it? That's correct. But all I'm saying is that what Congress was focused on was the right that got taken away in 1996 by the DOT Act. For whatever reason, the VEOA was not on its radar in 1998, the veterans' preference appeal rights to the MSPB. And so the fact that it goes back to 1996 was not certainly intended to eliminate the MSPB rights of veterans. But nonetheless, the provision says Title V shall not apply to the new personnel management system with the exception of Section 3308 to 3320. It shall not apply with the exception of 3308 to 3320, and you want us to apply it to 33-I'm going to mess my number up. 3338. Thank you. One of the ones that isn't covered by those numbers. Yes, I do exactly want you to do that, Your Honor. And the reason I want you to do that is because the statute should be construed harmoniously. Why would Congress have enacted this statute and said it doesn't apply except for these few sections if they really meant it does apply everywhere that there's VEOA rights? Obviously, I have no special insight into why Congress did that, but I can only speculate for two reasons. One is that this particular provision, 3338, was not on its radar. It was worried about other appeal rights from other FAA employees. And number two, that if it looked at it, it thought, okay, we've enacted this statute in 1998. It's unlimited. We don't intend to repeal it silently, certainly. So it's an oversight, clearly. But I think that we still have to do to say that veterans should go back to Congress and get this straightened out, dismissed. I don't really think this is a good answer because I don't know if that ever happens, number one. And number two, you know, veterans need these rights now. Well, it's certainly not a good answer with regard to the individuals that in the interim time period have no right of appeal. But the justice system is much broader than, unfortunately, any individual. And, you know, as judges, I get very nervous when someone asks me to disregard what Congress says and replace it with what I think makes more sense in light of what I think they should have done. Well, I'm not asking you to disregard what Congress said because all that Congress did in the Ford Act in 2000 was basically go back to 1996 and say the same thing that they said then. Okay? In 1996, when the DOTAC was enacted, it said, 5 U.S.C. doesn't apply to FAA agencies except for these. Bang, bang, bang, bang, bang. Okay? And then in 2000, when everybody was upset because there were no appeal rights to any FAA employee for any violation of any personnel right, they said, okay, we're going to go back to 1996 and we're going to redo this. Okay? And we're going to do it right. And the 3338 is just sort of that loss in the sauce. I don't think, you know, it was out there, okay? And since it is out there and it was unquestionably out there in 1998, I think the appropriate analysis is, did Congress intend to silently repeal 3338 by what it did with respect to the Ford Act in 2000? And I would say no, that it didn't intend to do that. Well, but they did add whistleblower protection appeal rights. Yes. And it seems like they didn't ignore the appeal rights. They just chose some and not others. Diffenderfer is a problem, but isn't Gonzales also a problem where, in that instance, Ford, I mean, back pay act remedies were not granted? But it's the same situation. The intervening Ford Act didn't apply that remedy. With respect, Chief Judge Bader, I believe that actually Gonzales is the inverse of the current case. Okay. Because in that case, a remedy was provided to FAA employees. Yes. Appeal to the MSPB. It was the right that wasn't given to them, the back pay act. So I think Gonzales is distinguishable as the inverse of this case. In this case, you have the right that's provided. And I know my time is running low here, but I want to talk a little bit about this one. The VEOA added some provisions to the DOT Act having to do with reductions in force. And if you look at those provisions in the reduction, the RIFs, 3501 to 3504, there's no remedy there. There's no remedy in those statutes. So if you're going to be logical, if you're the respondent in this case, you're going to say, okay, Congress gave, specifically gave FAA employees protection against RIFs in the VEOA. Okay. And two sections earlier, they created this remedy. Okay. Section three of the VEOA enacts 3338. Section five of the VEOA incorporates these provisions regarding RIFs. So what you're saying here is that when Congress enacted the VEOA in 1998, it intended to provide a remedy, a specific remedy for RIFs, okay, to the FAA, but in creating a remedy for appeal from the FAA to the MSPB, it didn't intend that remedy to apply to RIFs because it didn't include it in the DOT provisions. And I understand that this is a little bit like a cat chasing its tail with respect to these statutes, and I've had more than one headache trying to figure out what was the intention here. But I think when all is said and done, and you look at the House Committee report, especially as to what they were trying to do to create a user-friendly remedy for veterans and to fix problems that all employees, including veterans, were having with respect to these preference eligible rights, that you can logically come to the conclusion that 3338 should be applied. And I'll reserve the rest of my time if there are no further questions at this time. Thank you, Mr. Herrick. Thank you, Chief Judge. We'll hear from Mr. Austin first. Okay, however you would prefer to have it go. Mr. Gallagher, would you prefer to be first? Yes. May it please the Court. As I understand the petitioner's argument, he is asserting that because VIOA itself, 5 U.S.C. 330A, does not contain an exception for the FAA and, by extension, the TSA, it applies to the FAA and the TSA. Well, what is the government's position in these areas where there seems to have been rights, either new rights given or else gaps filled in terms of rights but apparently no remedy? Well, it's not exactly accurate to say there's no remedy. But what is the remedy? There's no MSPB remedy. But what is the remedy? The remedy, if any, is for the TSA to create. And as this Court acknowledged in the Allen case, under the FAA system, the FAA and, by extension, the TSA, has been given a unique authority to create its own remedies. If there's no remedy in that case, that is because Congress gave the flexibility to the TSA to not create a remedy. However, it has authority to create remedies where it sees fit. It has that kind of flexibility. Has it done so in this case? It has not done so in this case. But isn't that a very strange legal principle, principle of justice, that you have a right, but if we don't feel like giving you a remedy, too bad? There's no MSPB remedy. There is no remedy anyways, you've told us. Isn't there a gap as to remedy which the MSPB exists in part to, if in doubt, and that's really my question, if in doubt, isn't there an obligation to provide a remedy? Well, the MSPB is a creature of Congress. MSPB has no authority to do anything without a statute or regulation which specifically authorizes the MSPB to hear a case. And it's not a court of equity. It can't decide that this seems unfair, that it should take the case because TSA has not provided a remedy. In fact, it doesn't matter, as far as the board's jurisdiction, whether TSA has provided a remedy or not. Unless Congress has given the authority to the MSPB to hear a case, it cannot hear a case. And this has led to a number of situations where there's a right yet no remedy. Gonzalez is a very recent case issued by this court, which is a good example of that. The Back Pay Act is a very important remedy. When someone's illegally removed from a position and they're reinstated, that whole period of time that they were out of work, there's usually, in these cases, back pay available to remedy the situation. That's not the case under Gonzalez. There's no back pay available to the FAA. So that's an example. Another example is Conyers, another decision by this court which involved TSA screeners. And in that case, this court held that this applicant for a screener position said he had a VOA claim. And this court said that there was no remedy for that, that VOA does not apply. And there's more examples. I mean, VOA itself applies to the Judicial Conference for the United States. And any remedy has to be provided by the Judicial Conference for judicial employees. They can't come to the MSPB. The MSPB is not authorized to hear appeals from judicial branch employees. So that's yet another example. So these examples of a right, yet no MSPB remedy, exist. And it's unfortunate that the petitioner has no place to take his VOA claim, given that veterans' preference applies to TSA hiring. However, the MSPB cannot confer jurisdiction upon itself. Congress has to do that. And that's why, at the end of the day, the petitioner's arguments, especially his policy arguments about why veterans should be able to have a remedy, those arguments must be made to Congress. Because only Congress can confer jurisdiction on the board. And the only other thing I'd say is this is the classic case where, you know, without an exception, you know, where Congress has listed a series of exceptions but has not included something, then necessarily other exceptions are excluded. I don't want to belabor points made in our briefs, and I also want to give counsel an opportunity. So unless there's any other questions, I'll submit on the briefs. Let's hear from Mr. Austin. Thank you, Your Honor. May it please the Court. I'd like to address first Your Honor's question as to is this a gap. And I think the answer is that it's not a gap, but it's an intentional result of what Congress intended in passing the FAA statute going back to 1955, the DOT Act, and later in the Fort Act. It's not so clear. They provide the exception for discrimination, whistleblowing, veterans' preference. They did, Your Honor. But the whole purpose of the provision we're dealing with, section 4122G and its predecessor in section 347B of the DOT Act, was to create a separate situation for the FAA. And it says right there in the statute, in subsection 1, that it's due to the unique demands on the agency's workforce to provide greater flexibility in the hiring, training, compensation, and location of personnel. So what Congress did there was to create a situation where normal Title V provisions, which are applicable to all government agencies other than the FAA and the TSA by extension, would not apply to them unless specifically enumerated. And the whole purpose of that was to create greater flexibility for the FAA or the TSA to provide separate remedies. But they didn't do that here. I think that's the problem. If there were a separate remedy, then it wouldn't seem so nonsensical. Well, Your Honor is correct. They have not done so yet. What happens to these individuals in the interim who have a right and no remedy? These individuals do not have a remedy right now. And I would point to the Diefendorfer case, which Your Honor cited, which is, in my view, exactly on point here. One of the claims that the Diefendorfer plaintiffs made in that case was this is absolutely absurd. You have a substantive right for whistleblower rights for which whistleblower replies are taken. And it's absurd that there's no remedy. And what this Court said is this is a jurisdictional question. The jurisdiction of the MSPB as MSPB counsels. Diefendorfer is different, at least in the intervening stature. The VEOA appears in this case and not in the Diefendorfer situation. Your Honor is exactly right. However, that distinction is not a legally meaningful one in light of counsel's correct concession that there's nothing in the Ford Act which provided an exclusion for board jurisdiction over VEOA claims. So it's a distinction without a legal meaning. The situation is the same as it was in Diefendorfer. You have a substantive right with no specific provision that provides the court with jurisdiction. And the fact that VEOA came in the middle doesn't really matter. And I also want to focus upon their specific claim that there's nothing in the Ford Act which suggests that Congress intended to repeal jurisdiction that was granted in the VEOA. Well, that's right. The whole purpose of the Ford Act was to expand jurisdiction of the board, not to contract it. The problem with counsel's argument is that there was no jurisdiction provided in VEOA to entertain claims of veterans' preference appeals that relate to FAA or TSA employees. What counsel is arguing is that the VEOA implicitly repealed the DOT Act because the DOT Act said there's no board jurisdiction absent an enumerated exception. And what counsel is saying is that, well, yes, there is. There's one exception. It doesn't have to be enumerated, and that's in the VEOA. There's no evidence that that's the case. The two statutes would be conflicting in that scenario. There had to be an exception set forth directly in Section 347B of the DOT Act or in Section 40122G2 of the Ford Act that set that forth, and it didn't. And also, one last point I'd like to emphasize is that Congress demonstrated in the VEOA that it knew how to create an enumerated exception when it wanted to. When it passed the VEOA, Congress wanted to have RIF provisions apply specifically to the FAA, and it did so by amending and creating a new exception to the DOT Act. But you're telling us, then, that it was deliberate and with knowledge of forethought that no remedy was provided for veterans in this area, for instance. And that makes no sense. These are incredibly complex statutes in which Congress consistently is moving rights and remedies around and creating and dissolving boards, and yet it's silent. And you're asking us to assume that that silence was an intentional withholding of a remedy rather than just as logical an assumption that there already was one. Well, I would argue, Your Honor, that it's not silence by Congress. It's Congress being very explicit, saying that Title V provisions do not apply unless it's an enumerated exception. By not listing Section 3330A as an exception, Congress is speaking and Congress is saying this is not an exception. And the remedy, as counsel correctly indicated, is to go to Congress and say, hey, there should be an exception here to provide board jurisdiction. And I see that my time is out. Unless the board has any further questions, we would ask that the decision of the board in lax jurisdiction be affirmed. Thank you. Mr. Ross and Mr. Herrick, you have a little over a minute and a half remaining. Your Honor, I took provisions from the 1977 committee report of the House 105-40 on BLM. And I quote, Compounding the concerns of many veterans and veterans groups is the lack of an adequate redress mechanism for veterans whose rights are violated. There is a widespread consensus in the veterans community that existing redress procedures do not provide real relief to affected veterans. Indeed, testimony at the subcommittee's hearings identified this as the central defect in veterans' preference today. And that was taken care of by Section 3 of the VEOA, which said, okay, you can take the veterans' preference violations to the MSPB. On the very next page of the committee report, that was on page 14. But then the Ford Act comes along and says, does not apply. Well, it's Congress can change its mind. You have, but did they? Did they give any indication that they were intending to do that? Yeah. They said, did not apply. The VEOA was there in 1998. And so what you're saying is that this was a, basically, a silent repeal in 2000 of a right and a remedy. A remedy, right? The right existed since the 40s. A remedy that was granted in 1998. Two years later, Congress says, oh, you know, they don't say anything. All right? They don't put it in. But the respondents are asking you to imply a silent repeal of the VEOA to the extent that veterans in the FAA agencies don't get these MSPB rights. And I would just simply say, Your Honor, in conclusion, that the goal of flexibility of the FAA system, laudable though it may be, should not be advanced on the backs of veterans by eviscerating their preference rights. I thank you for your time and attention. Thank you, Mr. Herrick.